

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1972

Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 North Lamar Blvd.
Box 4087
Austin, Texas 78773

Dear Sir:

Opinion No. M- 1091

Re: Whether a "Port-A-Lift"
combined with its supporting
vehicle being towed consti-
tute one or two vehicles within
contemplation of Art. 827a,
Sec. 3(c), Vernon's Penal Code?

Your request for an opinion regarding the above-referenced subject is controlled by the following quoted provisions of Article 827a, Vernon's Penal Code:

"Art. 827a. Definitions

"Section 1. The following words and phrases, when used in this Act, shall, for the purpose of this Act, have the meanings respectively ascribed to them in this section, as follows:

" 'Vehicle.' Every mechanical device, in, upon or by which any person or property is or may be transported or drawn upon a public highway, including motor vehicles, commercial motor vehicles, truck-tractors,trailers, and semi-trailers, severally, as hereinafter defined, but excepting devices moved by human power or used exclusively upon stationary rails or tracks.

" 'Motor Vehicle.' Every vehicle, as herein defined, which is self-propelled.

* * *

" 'Trailer.' Every vehicle without motive power designed or used for carrying property or passengers wholly on its own structure and to be drawn by a motor vehicle.

-5326-

" 'Semi-trailer.' Every vehicle of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another motor vehicle.

\* \* \*

"Section 3.

\* \* \*

"(c) No motor vehicle shall exceed a length of forty (40) feet. It shall be lawful for any combination of vehicles to be coupled together including, but not limited to, a truck and semi-trailer, truck and trailer, truck-tractor and semi-trailer and trailer, truck-tractor and two trailers, provided such combination of vehicles shall not exceed a length of sixty-five (65) feet, unless such vehicle or combination of vehicles is operated exclusively within the limits of an incorporated city or town; and unless, in the case of any combination of such vehicles, same be operated by municipal corporations in adjoining suburbs wherein said municipal corporation has heretofore been using such or like equipment in connection with an established service to such suburbs of the municipality; provided, however, that no passenger car (defined as any motor vehicle designed for carrying ten (10) passengers or less and used for the transportation of persons) can be coupled with more than one other vehicle at any one time; provided, however, that the provisions of this Subsection shall not apply to any disabled vehicle being towed by another vehicle to the nearest intake place for repairs; ... [Emphasis added.]

You advise that a "Port-A-Lift", is a dolly used to tow vehicles whereby the front wheels of the towed vehicle rest upon and are supported by the "Port-A-Lift". The rear wheels of the towed vehicle remain in contact with the surface of the road. You further advise that the vehicle so situated upon the "Port-A-Lift" is secured to or "coupled with" the "Port-A-Lift" preparatory to being towed rather than being directly secured to or "coupled with" the towing vehicle.

The dolly or "Port-A-Lift", according to your description, is either a "trailer" or "semi-trailer" within the quoted definitions thereof, depending, of course, on the functional design. However, this distinction is immaterial for our purposes inasmuch as both "trailer" and "semi-trailer" are specifically defined in Article 827a, Section 1, as "Vehicle", and in addition, the definition of "Vehicle" is sufficiently broad to encompass "Port-A-Lift". Therefore, you are advised that a "Port-A-Lift" or dolly as described is a "Vehicle" within the terms of Article 827a, Sections 1 and 3(c).

You further ask whether the "Port-A-Lift" with a vehicle so mounted thereon would constitute more than one vehicle being towed by a passenger car in violation of the express proviso in Article 827a, Section 3(c). The operative words of the proviso are "coupled with". The clear implication is that a passenger car may be "coupled with" only one other vehicle. "Coupled with", we conclude, describes the usual method of attachment to a passenger car by means of a trailer ball and hitch or some suitable and permissible attachment, as well as the manner or mechanism by which the towed vehicle is attached to the "Port-A-Lift". It follows that a vehicle "coupled with" a "Port-A-Lift" which in turn is "coupled with" the towing passenger vehicle results in the passenger car being "coupled with" more than one vehicle at any one time. The point is clear when it is noted that the proviso is an exception to what is otherwise lawful pursuant to Section 3(c), that is, "... It shall be lawful for any combination of vehicles to be coupled together including, but not limited to, a ... truck-tractor and two trailers, ..."

Accordingly, you are hereby advised that the combination of "Port-A-Lift" and vehicle coupled thereto collectively being towed by a passenger car is more than one vehicle for purposes of the proviso contained in Article 827a, Section 3(c), prohibiting a passenger car from being coupled with more than one other vehicle at any one time.

## SUMMARY

The combination of "Port-A-Lift" and vehicle coupled thereto collectively being towed by a passenger car is more than one vehicle for purposes of the proviso contained

in Article 827a, Section 3(c), Vernon's Penal Code, prohibiting a passenger car from being coupled with more than one other vehicle at any one time.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rex H. White, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Dunk Sullivan
Sam Jones
Jack Traylor
Herschel Moore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant